**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

ROBERT ROBINS,

     Plaintiff,

v.

THE TOWERS OF QUAYSIDE NO. 1
CONDOMINIUM ASSOCIATION, INC.,
a Florida Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT ROBINS, by and through undersigned counsel, hereby sues Defendant, THE TOWERS OF QUAYSIDE NO. 1 CONDOMINIUM ASSOCIATION, INC.:

### INTRODUCTION

1.     This is a civil action brought by ROBERT ROBINS ("Plaintiff" or "Mr. Robins") pursuant to the Fair Housing Act, as amended, 42 U.S.C. § 3601, et seq., against THE TOWERS OF QUAYSIDE NO. 1 CONDOMINIUM ASSOCIATION, INC. ("The Association"), due to Quayside Tower 1's violations of such acts by unlawfully discriminating against Mr. Robins because of his disability and retaliating against him for exercising his right under the Fair Housing Act.  In support of this Complaint, the Plaintiff alleges the following:

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 3612, and 28 U.S.C. § 1367.

3.     Venue is proper in this District under 28 U.S.C. § 1391(b), in that the events giving rise to this action occurred in the judicial district.

4.     All conditions precedent to the filing of this action have been satisfied.

PARTIES

5.      Plaintiff, Mr. Robins, is an individual residing in Dade County, Florida and a homeowner member of the Defendant association.

6.      Defendant, The Association, is a non-profit corporation responsible for administering and governing its condominium complex pursuant to the documents establishing such corporation and is located at 1000 Quayside Terrace, Tower 1, Miami, Florida.

7.      The condominium units at Quayside Tower 1 are dwellings within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

FACTUAL ALLEGATIONS

8.      Mr. Robins resides within Quayside Tower 1's residential dwelling complex located at 1000 Quayside Terrace, Tower 1, Miami, Florida.

9.      Mr. Robins is a disabled individual who suffers from a number of medical conditions, including severe depression and other mental disorders.

10.     As a result of his medical conditions, Mr. Robins' doctor recommended that he obtain an emotional support animal.

11.     Thereafter, Mr. Robins acquired a dog as an emotional support animal.

12.     Defendant, The Association, has in place rules and policies that prohibit certain dogs from living in Quayside Tower 1's dwelling units.

13.     In January 2009, Mr. Robins made a "reasonable accommodation" request to Quayside Tower 1, asking that The Association allow him to keep his emotional support animal in his condominium unit; in support of his request, he submitted copies of medical records indicating his need for the requested accommodation.

14.     The Association initially permitted Mr. Robins' emotional support animal, however, The Association later revoked that permission and has since threatened to bar Mr. Robins' emotional support animal from his condominium unit.

15.     The Association has engaged in acts designed to shame, humiliate, and intimidate Mr. Robins for exercising his fair housing rights under the Fair Housing Act.

16.     The Association has indicated that it will exercise all remedies against Mr. Robins, including the filing of a lien against Mr. Robins' unit, foreclosing on the lien, and filing a lawsuit due to alleged violations of the condominium bylaws and other condominium documents.

17.     The Association's previous actions and/or threatened actions have intimidated and interfered with Mr. Robins in the exercise and enjoyment of his fair housing rights.

18.     All conditions precedent to filing this action have been met or have been waived.

### COUNT I – VIOLATION OF THE 42 U.S.C. § 3604(f)

19.     Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 18, as if fully set forth herein.

20.     The Association, through its conduct and action described above has discriminated against Mr. Robins, in violation of 42 U.S.C. 3604(f), on the basis of his disability by failing or refusing to make reasonable accommodations in its rules, policies, practices, or services, which prohibit certain pets at the subject property, when such accommodations are necessary to afford Mr. Robins an equal opportunity to use and enjoy his dwelling.

21.     Mr. Robins is an "aggrieved person" as defined in 42 U.S.C. § 3602(i), and suffered injuries as a result of The Association's discriminatory actions and conduct.

**WHEREFORE**, Plaintiff, ROBERT ROBINS, respectfully requests that this Court enter an order that:

a)     Declares the discriminatory housing practices of The Association, as set forth above, violate the Fair Housing Act, 42 U.S.C. §3601 et seq.;

b)     Enjoins The Association, its agents, employees, successors, and all other persons in active concert or participation with any of them from continuing to take any steps to

remove Mr. Robins' emotional support animal or otherwise cause the removal of said animal from his dwelling;

c)      Orders The Association to grant Mr. Robins the reasonable accommodation he has requested, which is the right to keep his emotional support animal in his dwelling;

d)      Awards Mr. Robins monetary damages, including damages for mental anguish, emotional distress, humiliation, embarrassment, inconvenience and loss of the right to an equal opportunity to enjoy his dwelling, and punitive damages as would fully compensate him for any injuries caused by The Association refusal to grant him a reasonable accommodation and its continuous discrimination against Mr. Robins because of his disability;

e)      Awards Mr. Robins his reasonable attorney's fees and costs incurred in bringing this action;

f)      Assesses a civil penalty against Quayside Tower 1 in the amount authorized in Section 42 U.S.C. § 3612(g)(3) and § 3614(d)(1)(C) of the Fair Housing Act, in order to vindicate the public interest; and

g)      Grants such other relief as justice may require.

## COUNT II – VIOLATION OF 42 U.S.C. § 3617

22.      Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 18, as if fully set forth herein.

23.      Defendant, The Association, through its conduct and action described above, violated 42 U.S.C. Section 3617 by coercing, intimidating, threatening, or interfering with Mr. Robins in the exercise and enjoyment of his fair housing rights under Section 804 of the Fair Housing Act.

24.      Mr. Robins is an "aggrieved person" as defined in 42 U.S.C. § 3602(i), and suffered injuries as a result of The Association's discriminatory actions and conduct.

25.      The discriminatory conduct or actions of Quayside Tower 1 were intentional, willful, and taken in disregard for the rights of Mr. Robins.

**WHEREFORE**, Plaintiff, ROBERT ROBINS, respectfully requests that this Court enter an order that:

a)      Declares the discriminatory housing practices of The Association, as set forth above, violate the Fair Housing Act, 42 U.S.C. §3601 et seq.;

b)      Enjoins The Association, its agents, employees, successors, and all other persons in active concert or participation with any of them from continuing to take any steps to require that Mr. Robins pay any attorney's fees incurred by The Association on account of his having exercised or enjoyed of his fair housing rights;

c)      Enjoins The Association, its agents, employees, successors, and all other persons in active concert or participation with any of them from continuing to take any steps to coerce, intimidate, threaten, or interfere with Mr. Robins in the exercise or enjoyment, or on account of his having exercised or enjoyed his fair housing rights;

d)      Awards Mr. Robins monetary damages, including damages for mental anguish, emotional distress, humiliation, embarrassment, inconvenience and loss of the right to an equal opportunity to enjoy his dwelling, and punitive damages as would fully compensate him for any injuries caused by The Association's coercion, intimidation, threats and interference with Mr. Robins in the exercise or enjoyment, or on account of his having exercised or enjoyed his fair housing rights;

e)      Awards Mr. Robins his reasonable attorney's fees and costs incurred in bringing this action;

f)      Assesses a civil penalty against The Association in the amount authorized in Section 42 U.S.C. § 3612(g)(3) and § 3614(d)(1)(C) of the Fair Housing Act, in order to vindicate the public interest; and

g)      Grants such other relief as justice may require.

## JURY DEMAND

Pursuant to Fed R. Civ. P. 38, Plaintiff hereby demands trial by jury on all issues.

Respectfully submitted this 25th day of October, 2011.

s/ JOSEPH D. GARRITY
Joseph D. Garrity, Esq. (Fla. Bar. 87531)
jgarrity@gwlawfirm.net
Suzanne Weiss, Esq. (Fla. Bar No. 122781)
sweiss@gwlawfirm.net
1002 E. Newport Center Dr., Ste. 102
Deerfield Beach, FL  33442
(954) 570-6616 Tel.
(954) 570-6618 Fax
*Attorneys for Plaintiff*