UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-23831-CV-COOKE/TURNOFF

ROBERT ROBINS,

     Plaintiff,

vs.

THE TOWERS OF QUAYSIDE NO 1
CONDOMINIUM ASSOCIATION, INC.,

     Defendant(s),

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant's *Verified* Motion to Tax Costs **[DE75]**,

Defendant's Motion for Attorney's Fees and Non-Taxable Costs **[DE83]**, and a prior Order of

Referral entered by the Honorable Marcia G. Cooke. **[DE70]**.[1]   A hearing on these matters took

place before the undersigned on October 17, 2013.

Upon review of the Motions **[DE29]**, the Responses, the court file, hearing argument from

counsel, and consistent with the reasons stated in open Court, the undersigned **RESPECTFULLY**

**RECOMMENDS** that Defendant's Motions **[DE75, 83]** be **GRANTED-IN-PART and DENIED-**

**IN-PART**.

### I. Background

This action was filed by Plaintiff, Robert Robins ("Plaintiff"), against his condominium

---

[1]The Court notes that shortly after the referral, Plaintiff filed a Motion for
Reconsideration of Judge Cooke's Order on Summary Judgment. **[DE72]**.   As such, the instant
Motions **[DE75, 83]**, regarding fees and costs, did not become ripe for review until Judge
Cooke's ruling on Plaintiff's Motion for Reconsideration September 30, 2013. **[DE87].**

association, the Towers of Quayside No. 1 Condominium Association ("Defendant"). **[DE1]**. The Complaint alleges, among other things, violation of the Fair Housing Act, as amended, 42 U.S.C. §3601, *et seq.* ("the Act").     By way of summary,  Plaintiff requested that Defendant allow his emotional support pet/animal to remain on the condominium's premises despite the fact that the association's policies prohibit pets of her size.[2] Id.

The record shows that Plaintiff found his dog, whom he named China, at a Chinese restaurant during the Chinese New Year. Def.'s Stmt. Facts ¶5.  **[DE 36]**.  He adopted China, and took her home to his condominium unit.  Id. Shortly thereafter, on or about February 2, 2009, Defendant advised Plaintiff that China exceeded the weight limit of twenty (20) pounds. Id. at ¶7. In response, Plaintiff asserted,  for the first time,  that he required the dog due to medical reasons.     Id. Subsequently, Plaintiff produced documentation from his physician indicating that Plaintiff suffered from depression and that a dog was recommended in order to, among other things, "bolster [Plaintiff's] self esteem." Id.   Plaintiff also submitted a "Reasonable Accommodation Request Verification Form" seeking permission to keep his pet as an emotional support animal. This request was initially granted.  Id. at ¶8.  A few years later, however, on June 13, 2011, Defendant asked that the dog be removed due to several complaints from other residents.  Id. at ¶¶10-16.  The complaints included, *inter alia*,  incidents of biting and attacking other pets.  Id. at ¶ 8.

This action followed on October 25, 2011. **[DE20]**.   In Count I, Plaintiff alleges that Defendant discriminated against him on the basis of his disability by failing to make an accommodation for his service animal. Id. In Count II, Plaintiff alleges that Defendant violated the

---

[2]Defendant permits each unit owner to have one cat or one dog that weighs no more than twenty (20) pounds. Def's Stmt. Facts ¶2. **[DE36]**.  Plaintiff's dog weighs sixty pounds.  Id. at ¶ 6.

Act by coercing, intimidating, threatening, [and/or] interfering with [his] exercise and enjoyment of his fair housing rights . . ." Id.

## II. Summary Judgment

Judge Cooke entered summary judgment in favor of Defendant on November 28, 2012, and found that Plaintiff failed to meet his burden as to the first element of a *prima facie* case of discrimination. **[DE68]**.   In other words, Plaintiff had failed to show that he is disabled or handicapped within the meaning of the Act. Id. Specifically, the Court found that "[t]he record is devoid of any evidence that demonstrates that Plaintiff suffers from a physical or mental impairment that substantially limits one or more of his major life activities." Id.   In this connection, Judge Cooke noted that Plaintiff actually hindered Defendant's efforts to inquire about his alleged disability. Id.   Along these same lines, the Court found that there was no record evidence to suggest that China, as opposed to some other mechanism or animal, "ameliorated any of Plaintiff's asserted disabilities." Id.   Most importantly, the Court highlights the fact that Plaintiff's "happenschance discovery of China . . . belies [his] later claims of [the] necessity of [her] as a service animal only when the Association cautioned him about his violation." Id. Of equal importance, the Court found no evidence that Plaintiff was threatened with harm, eviction or any other similar action. Id.   In other words, Defendant's banning of China from the premises, did not constitute a threat, nor does it create a cause of action.  Plaintiff moved for reconsideration on December 20, 2012. **[DE72]**. Judge Cooke denied same on September 30, 2013. **[DE87]**.   This matter is now ripe for consideration.

## III. Defendant's Verified Motion to Tax Costs

Defendant argues that, as the prevailing party, it is entitled to an award of costs.  Defendant

has submitted a Bill of Costs in the amount of $4,970.15.  The costs are as follows: photocopies of medical records ( $13.50 ), deposition fees and transcripts ($ 3,941.65), witness fees ($ 1,015.00) [general witness fees $40; service fees $35 for Dade County; service fees $45 for Palm Beach County].

Plaintiff argues, among other things, that Defendant was not the prevailing party under the Act.   First, Plaintiff claims that the Act requires a showing of frivolity in order to recover costs. To the extent that any costs are allowed, Plaintiff alternatively suggests that they should be reduced. Specifically, Plaintiff objects to additional charges associated with the deposition transcripts, i.e., shipping, handling and packaging. **[DE82]**.   Plaintiff also seeks a deduction for the court reporter's attendance fees.  Id.

The Fair Housing Act permits the court to award reasonable costs to the prevailing party. 42 U.S.C. § 3613( c)  (2) ([i]n a civil action under subsection (a), of this section, the court, in its discretion, may allow the prevailing party, other than the United States, reasonable costs); see also, Barker v. Niles Bolton Associates, Inc., 2009 WL 500719 (11th Cir. Mar. 2, 2009).  Here, Defendant is no doubt the prevailing party, and thus is entitled to recover costs.

As to court reporter appearance fees, judges in this district have found that same are properly taxable, because they directly related to the preparation of the transcript.   Joseph v. Nichell's Caribbean Cuisine, Inc., No. 11-62594-CIV, 2013 WL 2929464, at *3 (S.D. Fla. June 12, 2013). However, absent a showing of necessity, costs associated with the delivery and handling of transcripts are typically denied.   Robinson v. Alutig-Mele, LLC, 643 F.Supp. 2d 1342, 1354-55 (S.D. Fla. 2009)(shipping and handling charges by the stenographer are not taxable); Suarez v. Tremont Towing, Inc., No. 07-21430-CIV, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008)(courier,

handling and delivery charges by court reporter are not taxable).

The following charges appear to be unrecoverable:

| | | |
|---|---|---|
| Strumwasser Depo | $65 | $35 CD & eTranscript, $15 word index & condensed transcript |
| | | $15 shipping & handling |
| Depkin Depo | $15 | Word index & condensed transcript |
| Cimetta Depo | $23 | Shipping & handling |
| Pinnock Depo | $72 | $15 shipping & handling |
| | | $35 CD & eTranscript |
| | | $22 word index & condensed transcript |
| Yeshua Depo | $65 | $35 CD & eTranscript |
| | | $15 word index & condensed transcript |
| | | $15 shipping & handling |
| Lehrman Depo | $20.10 | $15 word index & condensed transcript |
| | | $5.10 tabs |
| Robbins Depo | $76.76 | $22.55 word index & condensed transcript |
| | | $35 CD & eTranscript |
| | | $4.25 tabs |
| | | $15 shipping & handling |
| Esptein Depo | $40 | $17 scanned exhibits |
| | | $23 shipping & handling |
| Carr Depo | $27.25 | $4.25 scanned exhibits, $23 shipping & handling |
| August Depo | $28.95 | $5.95 scanned exhibit & OCRED, $23 shipping & handling |

Plaintiff also takes issue with a copying invoice in the amount $12.74. The invoice does not explain what documents were copied. The invoice only notes "heavy litigation," and is, therefore, insufficient under the rules. Consistent with the above, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant be awarded reduced costs in the amount of $4,508.14 (reduction = $462.01).

### IV. Defendant's Motion for Attorney's Fees and Non-Taxable Costs

*A. Entitlement*

Defendant argues that it is entitled to fees, as the prevailing party, under the Act. Defendant contends that it was forced to spend a significant amount of time and money to defend this action. In this connection, Defendant has submitted a fee request in the amount of $74,860.00. **[DE83-1]**.

5

Attorney LaFlamme submitted 132.6 hours. Attorney Swenka submitted 241 hours. The hourly rate requested for both attorneys is $200.   **[DE83]**.  In addition to the attorney's fees, Defendant seeks $1,029.30 in non-taxable costs for what appears to be a hearing transcript ($461.30), and  fees associated with mediation ($568).  Id.

Plaintiff opposes the Motion, and claims, among other things that same is untimely under Fed.R.Civ.P. 54, because it was not brought within fourteen (14) days.   **[DE85]**.   Plaintiff also suggests that at least one of the fee bills submitted is marked as "sample" and "unbilled."  Id. Because of this, Plaintiff suggests that any attorney's fee awarded should be reduced by the amount of the bills marked "sample" or "unbilled," i.e., $15,000.[3]

The Eleventh Circuit has held that a timely motion to alter or amend the district court's judgment, such as the one filed here, acts to suspend the time for the prevailing party to move for an award of attorney's fees.   In this connection, a timely filed motion for reconsideration is considered and/or treated as a Fed.R.Civ.P. 59(e) motion to alter judgment.  Preieto v. Storer Communications, Inc., 152 F.R.D. 654, (M.D. Fla. 1994); see also, Members First Federal Credit Union v. Members First Credit Union of Florida, 244 F. 3d 806 (11th Cir. 2001)(a timely Rule 59 motion to alter or amend judgment operates to suspend the finality of the district court's judgment pending the court's further determination of whether the judgment should be modified, so as to alter its adjudication of the rights of the parties).   Hence, Plaintiff's argument as to timeliness fails.

Generally speaking, the Act permits a court to award attorney's fees to the prevailing party at the Court's discretion. 42 U.S.C. § 3613.  However, prevailing party fee awards under the Act, although discretionary, are not awarded as a matter of course.   A party seeking fees under the Act

---

[3]In Court, defense counsel proffered that the bills, as submitted, are in final form.

much show that the claims were "frivolous, unreasonable, or without foundation." Sullivan v. School Board of Pinellas County, 773 F. 3d 1182, 1188 (11th Cir. 1985). In Sullivan, the 11th Circuit set out three factors to consider in  determining whether a claim is frivolous; they are: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial, or held a full-blown trial on the merits.  Id. at 1189.  Determinations of frivolity are to be made on a case by case basis.  Tufaro v. Willie, 756 F. Supp. 556, 561 (S.D. Fla. 1991).  In making such a determination, a court should not focus on whether the claim was ultimately successful, but on whether it was so lacking in merit as to be groundless.  Id.  Consistent with the facts and findings noted above, the undersigned finds that the test has easily been met.   In so finding, the Court has considered all of Plaintiff's arguments, including the supplemental filings as to Dr. Stramwasser and his deposition.

First, Plaintiff failed to establish a *prima facie* case.  Second, defense counsel has proffered that offers to settle were made.   In this connection, the record shows that mediation took place on October 18, 2012. **[DE50]**.  During the hearing, the parties disagreed as to what offers were actually made. Suffice it to say that, without disclosing confidential matters, defense counsel  proffered that Defendant offered to allow the dog to remain if it was " tethered to a wagon" while out in the common areas.  A fairly reasonable request, in this Court's view, given the complaints, and China's past behavior.  The parties also disagree as to whether or not Defendant's offer required the payment, by Plaintiff, of Defendant's attorney's fees – in whole or in part.  Thirdly, as reflected above, Judge Cooke entered Summary Judgment in favor of Defendant.   In other words, this case never reached a jury.   Consistent with the above, and applying the law to the facts of this case, the undersigned finds that Defendant is entitled to recover attorney's fees.

*B. Amount*

Having found that Defendant is entitled to an award of attorney's fees, we must now address

the issue of amount.  As a general matter, a party seeking fees bears the burden of demonstrating and

documenting the reasonable hours and rates.    In other words, the moving party must show billing

judgment and submit detailed evidence of the time expended.  ACLU v. Barnes, 168 F.3d 423, 427

(11th Cir.1999).    Using the lodestar method applied in this Circuit, attorney's fees are calculated

by multiplying a reasonable hourly rate by a reasonable number of hours expended.    Norman v.

Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

*1. Rates*

As noted above, the requested rate is $200 per hour.  Plaintiff has not opposed that amount.

It is well- settled that the court itself is an expert on these issues, and   may consider its own

knowledge and experience concerning reasonable and proper fees.  Norman, 836 F.2d at 1303.

Consistent with the above, the undersigned finds that the requested rates are fair, appropriate, and

in keeping with the prevailing market rates in this district.

*2. Hours*

As noted *supra*, Defendants seek $74,860 in attorney's fees - representing over 373.6 hours

of billed work.  Upon careful consideration, the undersigned finds that Defendant's submission is

somewhat excessive.  Specifically, the records shows a lot of duplication between Ms. LaFlamme

and Ms. Swenka's billing entries.  For example, Ms. Swenka billed approximately 4.2 hours for the

preparation of initial discovery to Plaintiff.  Ms. LaFlemme billed roughly another two hours.  Six

hours for what were most likely form interrogatories.   The submissions also reflect duplication as

to the preparation of initial disclosures, and matters related to non-party subpoenas.   Other

8

duplicative entries relate to the review, assessment, and preparation of responses to Plaintiff's Motion for Protective Order and Motion to Quash, as well as the redaction and production of Dr. Strumwasser's medical records. **[DE83-1]**. Again, these are just a few examples, of many, where it appears that both attorneys were unnecessarily preparing for, and/or working on, the same tasks.

In these scenarios, the Court may reduce hours where it determines that multiple attorneys were unnecessarily or needlessly used. St. Fleur v. City of Ft. Lauderdale, 149 F. App'x 849 (11th Cir. 2005); Hepsen v. J.C. Christensen & Associates, Inc., 2010 WL 3329836 (11th Cir. Aug. 25, 2010). In reducing excessive fees, the court may conduct an hour-by-hour analysis or elect to reduce fees by using an across-the-board method to avoid "pick and shovel work." Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1351. In other words, a line-by-line analysis is not necessary. Trujillo v. Banco Central del Ecuador, 229 F.Supp. 1369, 1375 (S.D.Fla. 2002). It is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction. Loranger, 10 F.3d at 783.

Here, the undersigned recognizes that Plaintiff created this litigation, and that Defendant was forced to defend itself. However, the matter at hand was not terribly complicated and did not take too long to be disposed of summarily in Defendant's favor. Again, this action was filed in October 2011, and summary judgment was granted a year later in November 2012.

## V. Recommendation

Upon careful review of the entire record, and consistent with the above, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant be awarded reduced fees in the amount of $56,145 - representing a twenty-five (25) percent reduction of the original submission. It is **FURTHER RESPECTFULLY RECOMMENDED** that Defendant's request for reimbursement of non-taxable costs be **DENIED**.

9

Pursuant to 28 U.S.C. §636(b)(1)( c), the parties may file written objections to this Report and Recommendation with the Honorable Marcia G. Cooke, United States District Judge, within fourteen (14) days of receipt.  Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149, reh'g denied, 7 F.3d 242 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this ____ day of November 2013.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:     Hon. Marcia G. Cooke
        Counsel of Record

10